**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LB ENTERPRISE LLC dba FAZIT, **)** | |
| **)** | |
| Plaintiff, **)** | C.A. No. _____ |
| v.          **)** | |
| **)** | **JURY TRIAL DEMANDED** |
| HERASCEND, **)** | |
| **)** | |
| Defendant. **)** | |

**COMPLAINT**

Plaintiff LB Enterprise LLC dba Fazit ("Fazit") for its Complaint against Defendant

HerAscend states and alleges as follows:

**PARTIES**

1.      Fazit is a Delaware limited liability company, with its principal place of business

at 11576 Buckhaven Lane, West Palm Beach, Florida 33412.

2.      HerAscend purports to be a Dutch business entity with its principal place of

business at Rietlandpark 233, 1019 DV Noord-Holland, Amsterdam, Netherlands.

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

3.      This Court has original subject matter jurisdiction over this action pursuant to 28

U.S.C. §§ 1331(federal question) and 1338 (unfair competition) because it involves federal

questions arising under the Copyright Act, as amended, 17 U.S.C. §§ 101 *et seq.*

4.      Additionally, the Court has original subject matter jurisdiction over this action

pursuant to 15 U.S.C. § 1116 (injunctive relief), 28 U.S.C. § 1331 (federal question), 28 U.S.C.

§ 1338(a) and (b) (unfair competition), because it involves federal questions arising under the

Lanham (Trademark) Act, 15 U.S.C. §§ 1051 *et seq.*

- 1 -

5.     This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367, as they are so related to the claims in the action within original jurisdiction that they form part of the same case or controversy.

6.     On April 8, 2025, Fazit submitted DMCA Takedown Notices requesting that Shopify remove certain product listings from HerAscend's infringing product listings from its platform based on HerAscend's reproduction of copyrighted material owned by Fazit.  On April 10, 2025, HerAscend filed a DMCA Counter Notice and consented to the jurisdiction of the Federal District Court for the District of Delaware with respect to the parties' dispute regarding HerAscend's misuse of Fazit's copyrighted material, and further agreed to "accept service of process from the party who submitted the DMCA Takedown Notice."

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(a) and 1391.

8.     HerAscend has agreed that venue is proper in this district in its DMCA Counter Notice.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### Fazit's Business and IP Registrations

9.     Fazit was founded in 2022 and has become one of the most recognizable and popular developers of innovative products in the beauty, cosmetics, makeup, and accessory industry.

10.     Its highly successful product line of glitter freckles, marked and sold under the company's well-known Speckles™ mark, has been featured in magazines such as Vogue, Allure, and Harper's Bazaar.  Recently, Forbes magazine listed Fazit among a short list of brands that have used TikTok to build compelling brand content and a loyal following among consumers.

11.     Fazit brands its products with its well-known FAZIT, SPECKLES, SUBTLE TO STUNNING, and (INSTANT GLAM!) trademarks as shown below (collectively, the "Fazit

Marks").

| Trademark | U.S. Serial No. |
|---|---|
| (INSTANT GLAM!) | 99365411 |
| SPECKLES | 98695634 |
| SUBTLE TO STUNNING | 99034712 |
|  | 98297524 |

12.     Fazit also includes creative marketing and related copy on its packaging, including copy related to its Speckles™ product, and digital content that embodies the brand's instantly recognizable style. Fazit publishes this digital content across social media platforms, product packaging, and its website. Fazit's creative assets including its creative "How To Apply" instructions and distinct website are registered and protected, as shown below (collectively "Fazit's Copyrighted Works").

| U.S. Copyright Reg. No. | Work | Date |
|---|---|---|
| TX 9-485-341 | Fazit Website [http://fazitbeauty.com] – March 2025 | April 2, 2025 |
| TX 9-515-964 | Fazit How to Apply Your Golden Speckles | July 7, 2025 |

13.     Pursuant to 17 U.S.C. § 410, the certificates of registration constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates. Attached hereto as **Exhibit A** are true and correct copies of Fazit's copyright registrations protecting Fazit's Copyrighted Works.

- 3 -

14.    Fazit markets and sells products under the Fazit Marks through a wide array of distribution channels, including, but not limited to: its own copyrighted website; third-party online retail platforms such as Amazon; social media platforms such as Instagram and TikTok; third-party brick-and-mortar and online stores such as Urban Outfitters and Target; and also at pop-up events at music festivals across the country.

15.    For years prior to the events giving rise to this Complaint and continuing to the present, Fazit has spent great amounts of time, money, and effort advertising and promoting its products under its distinctive branding and the Fazit Marks. Fazit's cosmetic products are offered and sold all over the world, including throughout the United States and in Delaware, all under the Fazit Marks and incorporating Fazit's Copyrighted Works.  Authorized retailers and third-party advertisers that sell and promote Fazit products operate under and in compliance with agreements that permit them to utilize Fazit's proprietary materials and trademarks.  Through its investments and large sales, Fazit has created considerable goodwill and a reputation for high-quality products.

**HerAscend's Illegal Acts**

16.    In blatant disregard for Fazit's rights in the Fazit Marks and Fazit's Copyrighted Works – and without authorization from Fazit – HerAscend has promoted, offered for sale, and sold products, namely temporary transferable adhesive glitter-freckles, that are nearly identical but lower quality to those offered by Fazit, through its infringing Shopify Storefront located at https://herascend.store/ ("HerAscend Shopify Storefront").

17.    The HerAscend Shopify Storefront co-opted Fazit's brand presentation and creative assets for its own illicit gain.  For example, HerAscend infringed upon Fazit's Copyrighted Works, adopted a stylization and product branding identical to Fazit's own branding

and stylization; and reproduced a nearly identical rendition of Fazit's INSTANT GLAM mark as shown by example in the comparisons below.





18.     HerAscend has also stolen and reproduced Fazit's consumer reviews as if they were reviews for HerAscend's product, as shown by example below.

| Fazit Customer Review | HerAscend's Copied Customer Review |
|---|---|
|  | |
| https://www.youtube.com/watch?v=gFCm_Lw GrQw | (Unauthorized reproduction of video review by HerAscend, positioned next to the phrase "Instant Glow-Up" – a nearly identical reproduction of Fazit's INSTANT GLAM mark.) |
| (Customer review of authentic Fazit product.) | |

19.    HerAscend's panel of reviews also includes multiple stolen copies of reviews for Fazit products, falsely held out as though they applied to HerAscend, and presented in a format that copies Fazit's website look and feel, as shown below.

**Fazit Panel of Customer Reviews**     **HerAscend's Copied Customer Reviews**





20. On April 8, 2025, Fazit submitted DMCA Takedown Notices requesting that Shopify remove HerAscend's product listings featuring material owned by Fazit.

21. On April 10, 2025, HerAscend filed a DMCA Counter Notice, in which it swore under penalty of perjury, that it had "a good faith belief that the affected content was removed as

a result of a mistake or misidentification of the content," and consented to personal jurisdiction in this District.

22.     HerAscend has restored the infringing content that was the subject of Fazit's DMCA Takedown Notice.  HerAscend has also published additional infringements, all directed at co-opting Fazit's brand identity and intellectual property.

23.     On July 29, 2025, Fazit sent a cease-and-desist letter to HerAscend via the email address it submitted in connection with its DMCA Counter Notice, including the table comparing infringing content shown in paragraph 17 of this Complaint.

24.     On August 4, 2025, HerAscend responded to Fazit's cease-and-desist letter, agreeing to remove all infringing material.  Fazit relied on HerAscend's agreement to cease infringement.

25.     Notwithstanding its commitment, HerAscend continued its illegal conduct across other platforms such as Instagram and Facebook.  For example, HerAscend copied videos and "Instagram Reels" from third-party customers and influencers reviewing Fazit products and co-opted them, falsely claiming that they relate to HerAscend's own products, and using them to advertise HerAscend products that compete directly with Fazit ("Infringing Meta Advertisements").  Attached hereto as **Exhibit B** is a true and correct print-out of HerAscend's Meta Advertisements Library showing a sample of the Infringing Meta Advertisements, and indicating that HerAscend has launched nearly 100 advertisements worldwide.  As shown in **Exhibit B** and the example thumbnails below, dozens of HerAscend's Infringing Meta Advertisements show Fazit's products – *not HerAscend's products* – and prominently feature one or more of the Fazit Marks.

## Samples of HerAscend's Infringing Meta Advertisements





26.    HerAscend also uses Fazit's proprietary images as HerAscend's profile images on Instagram and Facebook.

| Images on Fazit's Website | HerAscend's Facebook and Social Media Profile Pictures |
|---|---|
|  | |



27.    On September 3, 2025, Fazit sent a follow up email to HerAscend demanding that HerAscend remove all of the Infringing Meta Advertisements as well as its infringing Instagram and Facebook profile pictures.

28.    After sending the September 3 letter, Fazit discovered that HerAscend added new infringing content to the HerAscend Shopify Storefront, including a product listing collage comprised of images Fazit posted on Instagram and stolen product review images that customers posted on Fazit's website.



| Fazit's Website and Instagram Images | HerAscend's Website and Product Listing |
|---|---|



29.    HerAscend also markets and sells its products using copies of Fazit's copyrighted "How to Apply" instructions, stolen product reviews, and the stylistic "tile" arrangement of the customer reviews protected pursuant to Fazit's copyright registration for its website.  Examples of this infringing conduct follow.



30.     HerAscend also falsely claims that HerAscend has been featured in the same magazines that have featured Fazit.  Based on Fazit's investigation, on information and belief, HerAscend has not been mentioned or featured in any of the magazines or publications listed on its website.

| **Fazit's List of Magazine Features** | **HerAscend's False Claims re: Magazine Features** |
|---|---|
|  | |

31.     Fazit is informed and believes that due to HerAscend's willful, exceptional, bad faith conduct, there have been instances of actual consumer confusion as to the source of HerAscend's products or its association with Fazit.  An example of actual consumer confusion is shown below.

| Example of Actual Consumer Confusion |
|---|
|  |

32.    There is no question that HerAscend has acted deliberately and with intent to misappropriate Fazit's goodwill and reputation, to cause damage to Fazit's business and the Fazit Marks, and to infringe upon Fazit's Copyrighted Works.

33.    HerAscend's actions have caused, and will continue to cause, Fazit irreparable harm for which money damages and other remedies are inadequate.  Unless HerAscend is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to Fazit by, among other things:

   a.    Depriving Fazit of its exclusive rights to use and publish its copyrighted works;

   b.    Depriving Fazit of its statutory and common law rights to use and control use of its trademarks;

   c.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

   d.    Causing the public falsely to associate Fazit with HerAscend and/or its products or vice versa;

   e.    Causing incalculable and irreparable damage to Fazit's goodwill and relationships with customers, as well as third-party social media influencers, and eroding the capacity of its Fazit Marks, Fazit's Copyrighted Works, and distinctive branding to differentiate Fazit's products from others;

   f.    Causing Fazit to lose revenue; and

   g.    Causing Fazit to lose sales of its genuine products.

34.    Accordingly, in addition to other relief sought, Fazit is entitled to injunctive relief

against HerAscend, its affiliates, licensees, subsidiaries, and all persons acting in concert with it.

## FIRST CLAIM
### Copyright Infringement
### (17 U.S.C. §§ 101 *et seq.*)

35.     Fazit realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

36.     Fazit owns valid copyrights in its Website and "How to Apply" instructions, Fazit's Copyrighted Works, which are registered with the U.S. Copyright Office.

37.     Fazit is currently and at all relevant times has been the sole owner of all rights, title and interest in and to Fazit's Copyrighted Works.

38.     Fazit's Copyrighted Works are wholly original works that are copyrightable subject matter under the Copyright Act.

39.     Fazit has never authorized HerAscend to reproduce, distribute, prepare derivative works, or publicly display Fazit's Copyrighted Works, or any portion of Fazit's Copyrighted Works.

40.     HerAscend is willfully infringing upon Fazit's Copyrighted Works by reproducing, displaying, distributing, and creating derivative works of Fazit's Copyrighted Works without permission, constituting Copyright Infringement under the Copyright Act, 17 U.S.C. § 106.

41.     HerAscend's infringement is willful, and in bad faith, executed with full knowledge of Fazit's Copyrighted Works, and in conscious disregard of Fazit's exclusive rights in its protected works.

42.     As a direct and proximate result of HerAscend's willful infringement, Fazit has and will continue to suffer irreparable harm to its business, goodwill and reputation, in addition to lost profits.

43.     Because Fazit is without an adequate remedy at law, Fazit is entitled to an injunction in accordance with 17 U.S.C. § 502, restraining HerAscend from engaging in further acts of copyright infringement.

44.     As a direct and proximate result of the harm HerAscend caused, Fazit is further entitled to actual and statutory damages, pursuant to 17 U.S.C. § 504.

45.     As a direct and proximate result of the harm HerAscend caused, Fazit is also entitled to recover costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM
## Federal Unfair Competition
### (15 U.S.C. § 1125)

46.     Fazit realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 45 of this Complaint.

47.     HerAscend's conduct as alleged in this Complaint constitutes the use of trade dress and symbols or devices tending falsely to describe the origin of the products, within the meaning of 15 U.S.C. § 1125.  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the products to the detriment of Fazit and in violation of 15 U.S.C. § 1125.

48.     HerAscend intentionally modeled its website on Fazit's copyrighted website; intentionally posted images from Fazit's website and Instagram page on HerAscend's own website; intentionally published a nearly identical rendition of Fazit's copyrighted "How to Apply" instructions; intentionally stole Fazit's product reviews and reposted them as if they were reviews for HerAscend's product; intentionally posted confusingly similar content on social media; and intentionally misappropriated third-party videos clearly depicting Fazit products and featuring the Fazit Marks in order to sell a product (glitter freckles) nearly identical, but lower quality, to that of Fazit's.

49.     As a direct and proximate result of HerAscend's willful, exceptional, and egregious conduct, Fazit is entitled to recover up to treble the amount of HerAscend's unlawful profits and Fazit's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

50.     Fazit is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires HerAscend not to use Fazit's Copyrighted Works or any individual element thereof, the Fazit Marks or any other mark or design similar to the Fazit Marks, the Infringing Meta Advertisements, or any other form of false, deceptive, or misleading advertising.

**THIRD CLAIM**
**Common Law Trademark Infringement**

51.     Fazit realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 50 of this Complaint.

52.     The Fazit Marks (federal registration pending) are eligible for trademark protection under Delaware and common law.

53.     Fazit owns and enjoys common-law rights in Delaware and throughout the United States in the Fazit Marks.

54.     HerAscend's conduct as alleged in this Complaint constitutes trademark infringement in violation of the common law of the State of Delaware and the common law of other states in which HerAscend is conducting its activities.

55.     HerAscend prominently featured the mark "Instant Glow-Up!" on its website, which is confusingly similar to one of the Fazit Marks, (INSTANT GLAM!) (U.S. Ser. No. 99365411), in connection with offering nearly identical, but lower quality, goods (glitter freckles), across similar trade channels, at a similarly low price point, with the intent of deceiving consumers or creating an impression of relatedness between Fazit and HerAscend.

56.     Fazit is informed and believes that, as a direct and proximate result of HerAscend's conduct, there have been actual cases of consumer confusion as to the source of HerAscend's products or HerAscend's association with Fazit.

57.     Fazit is informed and believes that HerAscend has made and will continue to make substantial profits and gain from its unauthorized conduct.

58.     As a direct and proximate result of HerAscend's conduct, Fazit has suffered harm and is entitled to recover compensatory damages, including but not limited to HerAscend's profits, actual damages suffered by Fazit, and punitive damages, including but not limited to treble damages; and attorneys' fees, costs, and interest.

59.     Fazit has suffered, and will continue to suffer, irreparable harm as a result of HerAscend's conduct, and has no adequate remedy at law unless HerAscend is enjoined.

## FOURTH CLAIM
## Common Law Unfair Competition

60.     Fazit realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 59 of this Complaint.

61.     HerAscend has intentionally and in bad faith misappropriated the goodwill and reputation that Fazit has created in its brand and Fazit Marks.

62.     HerAscend has intentionally made, and continues to make, literally false and misleading statements about its products.

63.     Fazit is informed and believed that, as a direct and proximate result of HerAscend's conduct, there have been actual cases of consumer confusion as to the source of HerAscend's products or HerAscend's association with Fazit.

64.     HerAscend intentionally modeled its website on Fazit's copyrighted website; intentionally posted images from Fazit's website and Instagram page on HerAscend's own

website; intentionally published a nearly identical rendition of Fazit's copyrighted "How to Apply" instructions; intentionally stole Fazit's product reviews and reposted them as if they were reviews for HerAscend's product; intentionally posted confusingly similar content on social media; and intentionally misappropriated third-party videos clearly depicting Fazit products and featuring the Fazit Marks in order to sell a product (glitter freckles) nearly identical, but lower quality, to that of Fazit's.

65.    Fazit is informed and believes that HerAscend has made and will continue to make substantial profits and gain from its unauthorized conduct.

66.    As a direct and proximate result of HerAscend's conduct, Fazit has suffered harm and is entitled to recover compensatory damages, which should be trebled.

67.    Fazit has suffered, and will continue to suffer, irreparable harm as a result of HerAscend's conduct, and has no adequate remedy at law unless HerAscend is enjoined.

**FIFTH CLAIM**
**Delaware Deceptive Trade Practices Act**
**(Del. Code tit. 6, §§ 2531 *et seq*.)**

68.    Fazit realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 67 of this Complaint.  HerAscend's actions, as described above, constitute deceptive trade practices because such actions, *inter alia*, (a) constitute passing off of Fazit's goods as those of HerAscend's; (b) create a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Fazit's goods and services; and (c) create a likelihood of confusion or misunderstanding as to HerAscend's affiliation, connection or association with or certification by Fazit, in violation of 6 Del. C. § 2532

69.    HerAscend has intentionally and in bad faith misappropriated the goodwill and reputation that Fazit has created in its brand and Fazit Marks.

70.     HerAscend has intentionally made, and continues to make, literally false and misleading statements about its products.

71.     Fazit is informed and believes that, as a direct and proximate result of HerAscend's conduct, there have been actual cases of consumer confusion as to the source of HerAscend's products or HerAscend's association with Fazit.

72.     HerAscend intentionally modeled its website on Fazit's copyrighted website; intentionally posted images from Fazit's website and Instagram page on HerAscend's own website; intentionally published a nearly identical rendition of Fazit's copyrighted "How to Apply" instructions; intentionally stole Fazit's product reviews and reposted them as if they were reviews for HerAscend's product; intentionally posted confusingly similar content on social media; and intentionally misappropriated third-party videos clearly depicting Fazit products and featuring the Fazit Marks in order to sell a product (glitter freckles) nearly identical, but lower quality, to that of Fazit's.

73.     Fazit is informed and believes that HerAscend has made and will continue to make substantial profits and gain from its unauthorized conduct.

74.     As a direct and proximate result of HerAscend's conduct, Fazit has suffered harm and is entitled to recover compensatory damages, which should be trebled, and attorneys' fees, pursuant to 6 Del. C. § 2533.

75.     Fazit has suffered, and will continue to suffer, irreparable harm as a result of HerAscend's conduct, and has no adequate remedy at law unless HerAscend is enjoined, pursuant to 6 Del. C. § 2533.

## SIXTH CLAIM
### Unjust Enrichment

76.    Fazit realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 75 of this Complaint.

77.    With full knowledge of Fazit's rights in the Fazit Marks, Fazit's Copyrighted Works, and Fazit brand, HerAscend has, without any authorization or consent, used and continued to profit unjustly from the use of Fazit's materials, and Fazit has been harmed to a commensurate degree.

78.    It is inequitable for HerAscend to retain these benefits without the payment of value to Fazit.

79.    HerAscend has been unjustly enriched at the expense of Fazit.

80.    Fazit is entitled to an accounting of HerAscend's profits and an equitable disgorgement of such amount as a result of its unauthorized use of any of the Fazit Marks, Fazit's Copyrighted Works, and Infringing Meta Advertisements.

## DEMAND FOR JURY TRIAL

81.    Pursuant to Federal Rule of Civil Procedure 38(b), Fazit demands a jury trial on all issues so triable.

## PRAYER FOR JUDGMENT

WHEREFORE, Fazit prays that this Court grant it the following relief against HerAscend:

1.    Adjudge that HerAscend has infringed upon Fazit's copyrights in its website content and "How To Apply" instructions;

2.    Adjudge that HerAscend has competed unfairly with Fazit in violation of Fazit's rights under 15 U.S.C. § 1125;

- 23 -

3.      Adjudge that HerAscend has promoted, distributed, offered and sold products infringing on Fazit's common law trademarks;

4.      Adjudge that HerAscend's conduct as alleged in this Complaint has been willful, exceptional, and in bad faith;

5.      Adjudge that HerAscend and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a.      reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to Fazit's Copyrighted Works, on the HerAscend Shopify Storefront, or any other online or physical channel;

    b.      infringing upon Fazit's copyrights or any elements thereof;

    c.      using or infringing upon the Fazit Marks;

    d.      damaging Fazit's goodwill or business reputation;

    e.      publishing the Infringing Meta Advertisements;

    f.      otherwise competing unfairly with Fazit in any manner;

    g.      continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

6.      Adjudge that HerAscend is prohibited from applying to register any trademark or service mark which is likely to be confused with, or that dilutes the distinctive quality of the Fazit Marks;

7.      Adjudge that HerAscend, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Fazit's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

8.      Award compensatory damages sustained by Fazit and/or profits generated by HerAscend as a result of the acts complained of herein pursuant to federal and state law, to be trebled in accordance with 15 U.S.C. § 1117;

9.      Award statutory damages per infringement pursuant to 17 U.S.C. § 504, at Fazit's election;

10.     Award Fazit its attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, Del. Code tit. 6, § 2533, and other applicable federal and state laws; and

11.     Award Fazit interest, costs, and such other relief as the Court may deem just and equitable or as permitted under federal or state law.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ryan Bricker
Alexandra Martinez
Meher Badia
VERSO LAW GROUP LLP
565 Commercial Street,
4th Floor
San Francisco, CA 94111
(415) 534-0495

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Nicole K. Pedi (#6236)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE 19801
    (302) 984-6000
    provner@potteranderson.com
    npedi@potteranderson.com

Dated: November 7, 2025
12555074

*Attorneys for Plaintiff*